27

140466

CLOSED

**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RECEIVED
JAN 2 2 2004
CLERK'S OFFICE
U.S. DISTRICT COURT

UNITED STATES OF AMERICA,　　　)
　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　)
　　Plaintiff,　　　　　　　　　)
　　　　　　　　　　　　　　　　)
　　v.　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　)
JOHNSON CONTROLS, INC.,　　　　)
HOOVER UNIVERSAL, INC., and　　)
MULTIFASTENER CORPORATION,　　　)
　　　　　　　　　　　　　　　　)
　　Defendants.　　　　　　　　　)
　　　　　　　　　　　　　　　　)

# 04-74987

Civil Action No. _____

Judge ROBERT H. CLELAND _____

MAGISTRATE JUDGE PEPE

**CONSENT DECREE**
**(MULTIFASTENER CORPORATION)**

## TABLE OF CONTENTS

I.     BACKGROUND  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

II.    JURISDICTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

III.   PARTIES BOUND  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

IV.    DEFINITIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

V.     GENERAL PROVISIONS  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

VI.    PAYMENT OF RESPONSE COSTS  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

VII.   FAILURE TO COMPLY WITH CONSENT DECREE  . . . . . . . . . . . . . . . . . . . . . . . . 10

VIII.  COVENANT NOT TO SUE BY PLAINTIFF . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

IX.    RESERVATIONS OF RIGHTS BY UNITED STATES . . . . . . . . . . . . . . . . . . . . . . . . . 13

X.     COVENANT NOT TO SUE BY SETTLING DEFENDANT AND RELEASED PARTIES  . . . . . . . . . 15

XI.    EFFECT OF SETTLEMENT/ CONTRIBUTION PROTECTION . . . . . . . . . . . . . . . . . . . . 17

XII.   RETENTION OF RECORDS  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

XIII.  NOTICES AND SUBMISSIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

XIV.   RETENTION OF JURISDICTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

XV.    INTEGRATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

XVI.   LODGING AND OPPORTUNITY FOR PUBLIC COMMENT . . . . . . . . . . . . . . . . . . . . . . 21

XVII.  SIGNATORIES/SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

XVIII. FINAL JUDGMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

# I. <u>BACKGROUND</u>

A.      The United States of America ("United States"), on behalf of the Administrator of the United States Environmental Protection Agency ("EPA"), filed a complaint against Johnson Controls, Inc., Hoover Universal Inc., and Multifastener Corporation in this matter pursuant to Sections 106 and 107 of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, 42 U.S.C. §§ 9606 and 9607, as amended ("CERCLA").

B.      The United States in its complaint seeks, inter alia: (1) reimbursement of costs incurred by EPA and the Department of Justice for response actions at the Shiawassee River Superfund Site (the "Site") in Howell, Livingston County, Michigan, together with accrued interest; and (2) performance of studies and response work by the defendants at the Site consistent with the National Contingency Plan, 40 C.F.R. Part 300 (as amended) ("NCP").

C.      In accordance with the NCP and Section 121(f)(1)(F) of CERCLA, 42 U.S.C. § 9621(f)(1)(F), EPA notified the State of Michigan (the "State") on July 16, 2004, of negotiations with potentially responsible parties regarding the implementation of the remedial design and remedial action for the Site, and EPA has provided the State with an opportunity to participate in such negotiations and be a party to this Consent Decree.

D.      In accordance with Section 122(j)(1) of CERCLA, 42 U.S.C. § 9622(j)(1), the Department of the Interior was notified of negotiations with potentially responsible parties regarding the release of hazardous substances that may have resulted in injury to the natural resources under Federal trusteeship and was encouraged to participate in the negotiation of this Consent Decree.

- 2 -

E.     Multifastener Corporation ("Settling Defendant") has entered into this Consent Decree (on behalf of itself and the Released Parties) without admitting any liability to Plaintiff arising out of the transactions or occurrences alleged in the complaint; nor do Multifastener Corporation or the Released Parties acknowledge that the release or threatened release of hazardous substance(s) at or from the Site constitutes an imminent or substantial endangerment to the public health or welfare or the environment.

F.     Hoover Ball & Bearing Company constructed, owned, and operated an aluminum die casting facility in Howell, Livingston County, Michigan from 1964 to 1969. Cast Forge operated the Facility beginning in 1969, after the property was acquired by John H. Steward, Joseph H. Steward, and Jerry H. Steward. The Stewards initially held title to the property as tenants in common, and then reorganized themselves into a partnership, and transferred title to Multifastener, a Michigan Copartnership. In 1981, Kelsey-Hayes Holding Company acquired Cast Forge from Multifastener Corporation and the property from Multifastener, a Michigan copartnership.

G.     In 1981, the State and Cast Forge entered into a State Consent Judgment in Kelly v. Cast Forge, No. 77-3724-CE (Livingston County Circuit Court)  settling a State enforcement action relating to the release of polychlorinated biphenyls at the Howell Facility. The Consent Judgment required Cast Forge to implement certain remedial measures on the facility's premises and to pay the State $750,000. During 1981, the State acknowledged receipt of Cast Forge's payment and that the clean-up performed by Cast Forge was conducted in compliance with the Consent Judgment.

H.     Pursuant to Section 105 of CERCLA, 42 U.S.C. § 9605, EPA placed the Site on

- 3 -

the National Priorities List, set forth at 40 C.F.R. Part 300, Appendix B, by publication in the Federal Register on September 9, 1983, 48 Fed. Reg. 40658.

I.      In response to a release or a substantial threat of a release of a hazardous substance(s) at or from the Site, through a cooperative agreement with EPA, the State commenced in the spring of 1987 a Remedial Investigation and Feasibility Study ("RI/FS") for the Site pursuant to 40 C.F.R. § 300.430.

J.      The State completed a Remedial Investigation ("RI") Report in 1998, and completed a Feasibility Study ("FS") Report in 1998, and EPA issued a Supplemental FS in February 2001.

K.      Pursuant to Section 117 of CERCLA, 42 U.S.C. § 9617, EPA published notice of the completion of the FS and of the proposed plan for remedial action on July 5, 2001, in a major local newspaper of general circulation. EPA provided an opportunity for written and oral comments from the public on the proposed plan for remedial action. A copy of the transcript of the public meeting is available to the public as part of the administrative record upon which the Regional Administrator based the selection of the response action.

L.      The decision by EPA on the remedial action to be implemented at the Site is embodied in a final Record of Decision ("ROD"), executed on September 28, 2001, on which the State had a reasonable opportunity to review and comment. The ROD includes a responsiveness summary to the public comments. Notice of the final plan was published in accordance with Section 117(b) of CERCLA.

M.      On April 2, 2002, EPA issued a Unilateral Administrative Order ("UAO") [EPA Docket No. V-W-02-C-691] to Settling Defendant, among others, to design and implement the

- 4 -

ROD remedy.

N.      Johnson Controls prepared the Final Remedial Design for the ROD and
Multifastener Corporation reviewed and commented on the submissions. In the interest of
expediting the negotiations, EPA negotiated a separate Consent Decree between EPA and
Johnson Controls and Hoover Universal Inc. In that contemporaneously lodged consent decree,
Johnson Controls and Hoover Universal Inc. have agreed to perform the remedy selected by EPA
and set forth in the ROD. Based on the information presently available to EPA, EPA believes
that the required work will be properly and promptly conducted by Johnson Controls and Hoover
Universal if conducted in accordance with the requirements of their consent decree and its
appendices. Settling Defendant will not be performing the ROD remedial work under this
Consent Decree but will be reimbursing the United States for Response Costs incurred related to
the Site.

O.      The United States and Settling Defendant agree, and this Court by entering this
Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith,
that settlement of this matter will avoid prolonged and complicated litigation between the Parties,
and that this Consent Decree is fair, reasonable, and in the public interest.

THEREFORE, with the consent of the Parties to this Decree, it is ORDERED,
ADJUDGED, AND DECREED:

## II. JURISDICTION

1.      This Court has jurisdiction over the subject matter of this action pursuant to 28
U.S.C. §§ 1331 and 1345 and 42 U.S.C. §§ 9606, 9607 and 9613(b) and also has personal
jurisdiction over Settling Defendant. Solely for the purposes of this Consent Decree and the

- 5 -

underlying complaint, Settling Defendant waives all objections and defenses that it may have to jurisdiction of the Court or to venue in this District. Settling Defendant shall not challenge the terms of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree.

### III. PARTIES BOUND

2.      This Consent Decree is binding upon the United States and upon Settling Defendant and its successors and assigns. Any change in ownership or corporate or other legal status, including but not limited to, any transfer of assets or real or personal property, shall in no way alter the status or responsibilities of Settling Defendant under this Consent Decree.

### IV. DEFINITIONS

3.      Unless otherwise expressly provided herein, terms used in this Consent Decree that are defined in CERCLA or in regulations promulgated under CERCLA shall have the meanings assigned to them in CERCLA or in such regulations. Whenever terms listed below are used in this Consent Decree or in any appendix attached hereto, the following definitions shall apply:

a.      "Cast Forge" shall mean Cast Forge Company, the Michigan corporation that was owned and sold by Multifastener Corporation in 1981, and its successors and assigns.

b.      "CERCLA" shall mean the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C. § 9601, *et seq.*

c.      "Certification of Completion" shall mean EPA's certification pursuant to Section 122(f)(3) of CERCLA, 42 U.S.C. § 9622(f)(3), that remedial action has been completed at the Site in accordance with the requirements of the NCP, the ROD and any consent decree requiring the performance of remedial action at the Site.

- 6 -

d. "Consent Decree" shall mean this Consent Decree.

e. "Day" shall mean a calendar day. In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or federal holiday, the period shall run until the close of business of the next working day.

f. "DOJ" shall mean the United States Department of Justice and any successor departments, agencies or instrumentalities of the United States.

g. "EPA" shall mean the United States Environmental Protection Agency and any successor departments, agencies or instrumentalities of the United States.

h. "EPA Hazardous Substance Superfund" shall mean the Hazardous Substance Superfund established by the Internal Revenue Code, 26 U.S.C. § 9507.

i. "Facility" shall mean the Hayes Lemmerz property located at 2440 West Highland Road in Howell, Livingston County, Michigan.

j. "Interest" shall mean interest at the rate specified for interest on investments of the EPA Hazardous Substance Superfund established by 26 U.S.C. § 9507, compounded annually on October 1 of each year, in accordance with 42 U.S.C. § 9607(a). The applicable rate of interest shall be the rate in effect at the time the interest accrues. The rate of interest is subject to change on October 1 of each year.

k. "Paragraph" shall mean a portion of this Consent Decree identified by an Arabic numeral or an upper or lower case letter.

l. "Parties" shall mean the United States and Settling Defendant.

m. "Plaintiff" shall mean the United States.

n. "Record of Decision" shall mean the EPA Record of Decision relating to the

- 7 -

Site signed on September 28, 2001 by the Superfund Division Director, EPA Region 5 and all attachments thereto.

o.  "Released Parties" shall mean Multifastener, a discontinued Michigan copartnership, its successors and assigns to the extent their liability is derived from Multifastener copartnership, Mrs. Margaret Steward (the surviving spouse of Jerry Steward), John Steward, Jerry Steward and Joseph Steward, and their respective heirs.

p.  "Remedial Action" shall mean the response action at the Site set forth in the Record of Decision.

q.  "Response Costs" shall mean all costs, including but not limited to, all pre-judgment interest, direct and indirect costs, whether incurred prior to or subsequent to the entry of this Consent Decree, incurred or to be incurred by the United States at or in connection with the Site.

r.  "Section" shall mean a portion of this Consent Decree identified by a Roman numeral.

s.  "Settling Defendant" shall mean Multifastener Corporation, its officers, directors and employees to the extent they were acting in those capacities.

t.  "Site" shall mean the Shiawassee River Superfund Site as described in the Record of Decision which includes, but is not limited to, the former Cast Forge facility ("facility") which was located at 2440 West Highland Road in Howell, Livingston County, Michigan, approximately eight miles of the Shiawassee River downstream of the facility to the Steinacker Road area, the floodplain adjacent to the area of the river affected by polychlorinated biphenyls contamination, and all property which has been contaminated as a result of a release

- 8 -

from the facility and areas adjacent thereto.

u. "UAO" shall mean the Unilateral Administrative Order, Docket No. V-W-02-
C-691, issued by the EPA on April 2, 2002 to the Settling Defendant, among others, and all
attachments thereto.

v. "United States" shall mean the United States of America, including its
departments, agencies and instrumentalities.

## V. GENERAL PROVISIONS

4.    The objectives of the Parties in entering into this Consent Decree are to reimburse
response costs of the Plaintiff, and to resolve the claims of Plaintiff against Settling Defendant as
provided in this Consent Decree (including those relating to the implementation of the ROD).

5.    The 2002 UAO shall be superseded and terminated upon entry of this Consent
Decree by the Court. If the Court denies any motion to enter this Consent Decree, such denial
shall not affect in any way the Parties' rights and obligations under the UAO, including but not
limited to, EPA's rights to enforce the UAO and Respondent's duty to comply with the UAO.

## VI. PAYMENT OF RESPONSE COSTS

6.    Payment of Response Costs to EPA. Within 10 business days after Settling
Defendant receives notice from the United States that this Consent Decree has been lodged,
Settling Defendant shall deposit $1,700,000.00 into an escrow account bearing interest on
commercially reasonable terms, in a federally-chartered bank (the "Escrow Account"). If the
Consent Decree is not entered by the Court, and the time for any appeal of that decision has run,
or if the Court's denial of entry is upheld on appeal, the monies placed in escrow, together with
accrued interest thereon, shall be returned to the Settling Defendant. If the Consent Decree is

- 9 -

entered by the Court, Settling Defendant shall, within 30 days thereof, cause the monies in the Escrow Account to be paid to EPA in accordance with Paragraphs 7 and 8 below.

7.      Payment from the Escrow Account shall be made by FedWire Electronic Funds Transfer ("EFT") to the U.S. Department of Justice account in accordance with EFT instructions provided to Settling Defendant by the Financial Litigation Unit of the U.S. Attorney's Office in the Eastern District of Michigan following lodging of the Consent Decree.

8.      At the time of payment, Settling Defendant shall also send notice that payment has been made to EPA and DOJ in accordance with Section XIII (Notices and Submissions). Such notice shall reference the EPA Region and Site/Spill Identification Number 051D, DOJ case number 90-11-3-07946, and the civil action number.

9.      The total amount to be paid pursuant to Paragraph 6 shall be deposited in the Shiawassee Special Account within the EPA Hazardous Substance Superfund to be retained and used to conduct or finance response actions at or in connection with the Site, or to be transferred by EPA to the EPA Hazardous Substance Superfund.

## VII.  FAILURE TO COMPLY WITH CONSENT DECREE

10.     Interest on Late Payments.  If Settling Defendant fails to make the payment under Paragraph 6 (Payment of Response Costs) by the required due date, Interest shall accrue on the unpaid balance through the date of payment.

11.     Stipulated Penalty.

a.  If the amount due under Paragraph 6 is not paid by the required date, Settling Defendant shall be in violation of this Consent Decree and shall pay to EPA, as a stipulated penalty, in addition to the Interest required by Paragraph 10, $500 per violation per day that such

- 10 -

payment is late.

b. Stipulated penalties are due and payable within 30 days of the date of the demand for payment of the penalties by EPA. All payments to EPA under this Paragraph shall be identified as "stipulated penalties" and shall be made by certified or cashier's check made payable to "EPA Hazardous Substance Superfund." The check, or a letter accompanying the check, shall reference the name and address of the party making payment, the Site name, the EPA Region and Site Spill ID Number 051D, DOJ Case Number 90-11-3-07946, and the civil action number. Settling Defendant shall send the check (and any accompanying letter) to:

> EPA Superfund
> U.S. EPA - Region 5
> P.O. Box 70753
> Chicago, Illinois 60673

c. At the time of each payment, Settling Defendant shall also send notice that payment has been made to EPA and DOJ in accordance with Section XIII (Notices and Submissions). Such notice shall reference the EPA Region and Site/Spill ID Number 051D, DOJ Case Number 90-11-3-07946, and the civil action number.

d. Penalties shall accrue as provided in this Paragraph regardless of whether EPA has notified Settling Defendant of the violation or made a demand for payment, but need only be paid upon demand. All penalties shall begin to accrue on the day after payment is due and shall continue to accrue through the date of payment. Nothing herein shall prevent the simultaneous accrual of separate penalties for separate violations of this Consent Decree.

12. If the United States brings an action to enforce this Consent Decree, Settling Defendant shall reimburse the United States for all costs of such action, including but not limited

- 11 -

to, costs of attorney time.

13.     Payments made under this Section shall be in addition to any other remedies or sanctions available to Plaintiff by virtue of Settling Defendant's failure to comply with the requirements of this Consent Decree.

14.     Notwithstanding any other provision of this Section, the United States may, in its unreviewable discretion, waive payment of any portion of the stipulated penalties that have accrued pursuant to this Consent Decree. Payment of stipulated penalties shall not excuse Settling Defendant from payment as required by Section VI or from performance of any other requirements of this Consent Decree.

## VIII.  COVENANT NOT TO SUE BY PLAINTIFF

15.     In consideration of the payment that will be made by the Settling Defendant under the terms of the Consent Decree, except as specifically provided in Paragraphs 17, 18 and 20,  the United States covenants not to sue or to take administrative action against the Settling Defendant and the Released Parties pursuant to Sections 106 and 107(a) of CERCLA relating to the Site. This covenant not to sue shall take effect upon receipt by EPA from the Settling Defendant of the payment required by Section VI, Paragraph 6 (Payment of Response Costs) and if applicable, Section VII, Paragraph 10 (Interest on Late Payments) and Paragraph 11 (Stipulated Penalty for Late Payment). This covenant not to sue is conditioned upon the satisfactory performance by Settling Defendant of its obligations under this Consent Decree. This covenant not to sue extends only to the Settling Defendant and the Released Parties and does not extend to any other person.

16.     Neither EPA nor the United States on behalf of EPA will bring an administrative or civil action against Cast Forge  pursuant to Sections 106 and 107(a) of CERCLA relating to the

Site for any recovery of past costs or response action specified in the ROD, including those matters

in this Consent Decree covered within the term "matters addressed," as defined in Paragraph 26

herein. EPA and the United States reserve the right to bring an administrative or civil action

against Cast Forge for liability arising from the past, present, or future disposal, release, or threat

of release of material outside of the Site, or from the future disposal of material at the Site.

## IX. RESERVATIONS OF RIGHTS BY UNITED STATES

17.     United States' Pre-certification Reservations. Notwithstanding any other provision

of this Consent Decree, the United States reserves, and this Consent Decree is without prejudice to,

the right to institute proceedings in this action or in a new action, or to issue an administrative

order seeking to compel the Settling Defendant:

a.      to perform further response actions relating to the Site, or

b.      to reimburse the United States for additional costs of response

if, prior to Certification of Completion of the Remedial Action:

i.      conditions at the Site, previously unknown to EPA, are discovered,

or

ii.     information, previously unknown to EPA, is received, in whole or in

part, and EPA determines that these previously unknown conditions or information together with

any other relevant information indicate that the Remedial Action is not protective of human health

or the environment.

18.     United States' Post-certification Reservations. Notwithstanding any other provision

of this Consent Decree, the United States reserves, and this Consent Decree is without prejudice to,

the right to institute proceedings in this action or in a new action, or to issue an administrative

- 13 -

order seeking to compel the Settling Defendant:

      a.      to perform further response actions relating to the Site, or

      b.      to reimburse the United States for additional costs of response

if, subsequent to Certification of Completion of the Remedial Action:

      i.      conditions at the Site, previously unknown to EPA, are discovered,

or

      ii.      information, previously unknown to EPA, is received, in whole or in

part, and EPA determines that these previously unknown conditions or this information together

with other relevant information indicate that the Remedial Action is not protective of human health

or the environment.

      19.      For purposes of Paragraph 17, the information and the conditions known to EPA

shall include only that information and those conditions known to EPA as of the date the ROD was

signed and set forth in the Record of Decision for the Site and the administrative record supporting

the Record of Decision. For purposes of Paragraph 18, the information and the conditions known

to EPA shall include only that information and those conditions known to EPA as of the date of

Certification of Completion of the Remedial Action and set forth in the Record of Decision, the

administrative record supporting the Record of Decision, the post-ROD administrative record, or in

any information received by EPA pursuant to the requirements of this Consent Decree prior to

Certification of Completion of the Remedial Action.

      20.      <u>General reservations of rights.</u>

      The United States reserves, and this Consent Decree is without prejudice to, all

rights against Settling Defendant and the Released Parties with respect to all matters not expressly

- 14 -

included within Plaintiff's covenant not to sue.  Notwithstanding any other provision of this

Consent Decree, the United States reserves all rights against Settling Defendant and Released

Parties with respect to:

        a.     claims based on a failure by Settling Defendant to meet a requirement of this

Consent Decree;

        b.     liability arising from the past, present, or future disposal, release, or threat of

release of Waste Material outside of the Site;

        c.     liability for damages for injury to, destruction of, or loss of natural

resources, and for the costs of any natural resource damage assessments;

        d.     criminal liability; and

        e.     liability for costs incurred or to be incurred by the Agency for Toxic

Substances and Disease Registry related to the Site.

## X. COVENANT NOT TO SUE BY SETTLING DEFENDANT AND RELEASED PARTIES

    21.    <u>Covenant Not to Sue</u>.  Settling Defendant and the Released Parties hereby covenant

not to sue and agree not to assert any claims or causes of action against the United States with

respect to the Site, and  Response Costs as defined herein or this Consent Decree, including, but

not limited to:

        a.     any direct or indirect claim for reimbursement from the Hazardous

Substance Superfund (established pursuant to the Internal Revenue Code, 26 U.S.C. § 9507)

through CERCLA Sections 106(b)(2), 107, 111, 112, 113 or any other provision of law;

        b.     any claims against the United States, including any department, agency or

instrumentality of the United States under CERCLA Sections 107 or 113 related to the Site, or

c.    any claims arising out of response actions at or in connection with the Site, including any claim under the United States Constitution, the Tucker Act, 28 U.S.C. § 1491, the Equal Access to Justice Act, 28 U.S.C. § 2412, as amended, or at common law.

22.    Nothing in this Consent Decree shall be deemed to constitute approval or preauthorization of a claim within the meaning of Section 111 of CERCLA, 42 U.S.C. § 9611, or 40 C.F.R. 300.700(d).

23.    Except as provided in Paragraph 24 (Waiver of Claims Against De Micromis Parties) and Paragraph 28 (Waiver of Claim-Splitting Defenses), these covenants not to sue shall not apply in the event that the United States brings a cause of action or issues an order pursuant to the reservations set forth in Paragraphs 17, 18, or 20 (b) - (d), but only to the extent that Settling Defendant's claims arise from the same response action, response costs, or damages that the United States is seeking pursuant to the applicable reservation.

24.    Settling Defendant and the Released Parties agree not to assert any claims and to waive all claims or causes of action that they may have for all matters relating to the Site, including for contribution, against any person where the person's liability to Settling Defendant with respect to the Site is based solely on having arranged for disposal or treatment, or for transport for disposal or treatment, of hazardous substances at the Site, or having accepted for transport for disposal or treatment of hazardous substances at the Site, if:

a.    the materials contributed by such person to the Site containing hazardous substances did not exceed the greater of (i) 0.002% of the total volume of waste at the Site, or (ii) 110 gallons of liquid materials or 200 pounds of solid materials.

b.    this waiver shall not apply to any claim or cause of action against any person

- 16 -

meeting the above criteria if EPA has determined that the materials contributed to the Site by such person contributed or could contribute significantly to the costs of response at the Site. This waiver also shall not apply with respect to any defense, claim, or cause of action that the Settling Defendant may have against any person if such person asserts a claim or cause of action relating to the Site against the Settling Defendant.

## XI.  EFFECT OF SETTLEMENT/CONTRIBUTION PROTECTION

25.     Except as otherwise stated in this Consent Decree with respect to Released Parties and as provided in Paragraph 24 (Waiver of Claims Against De Micromis Parties), nothing in this Consent Decree shall be construed to create any rights in, or grant any cause of action to, any person not a Party to this Consent Decree.  The preceding sentence shall not be construed to waive or nullify any rights that any person not a signatory to this decree may have under applicable law. Except as provided in this Consent Decree with respect to claims against Released Parties and provided in Paragraph 24 (Waiver of Claims Against De Micromis Parties), each of the Parties expressly reserves any and all rights (including, but not limited to, any right to contribution), defenses, claims, demands, and causes of action that they may have with respect to any matter, transaction, or occurrence relating in any way to the Site against any person not a Party hereto.

26.     The Parties agree, and by entering this Consent Decree this Court finds, that Settling Defendant and the Released Parties are entitled, as of the date of entry of this Consent Decree, to protection from contribution actions or claims as provided by Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), for "matters addressed" in this Consent Decree. The "matters addressed" in this Consent Decree are the Remedial Action and Response Costs. The "matters addressed" do not include those matters as to which the United States has reserved its rights against Settling

- 17 -

Defendant and Released Parties under this Consent Decree (except for claims for failure to comply
with this Decree), in the event that the United States asserts rights against Settling Defendant or
Released Parties coming within the scope of such reservations.

27.    Settling Defendant agrees that, with respect to any suit or claim for contribution
brought by it for matters related to this Consent Decree, it will notify EPA and DOJ in writing no
later than 60 days prior to the initiation of such suit or claim. Settling Defendant also agrees that,
with respect to any suit or claim for contribution brought against it for matters related to this
Consent Decree, it will notify EPA and DOJ in writing within 10 days of service of the complaint
or claim upon it. In addition, Settling Defendant shall notify EPA and DOJ within 10 days of
service or receipt of any Motion for Summary Judgment, and within 10 days of receipt of any order
from a court setting a case for trial, for matters related to this Consent Decree.

28.    In any subsequent administrative or judicial proceeding initiated by the United
States for injunctive relief, recovery of response costs, or other relief relating to the Site, Settling
Defendant shall not assert, and may not maintain, any defense or claim based upon the principles
of waiver, *res judicata*, issue preclusion, claim-splitting, or other defenses based upon any
contention that the claims raised by the United States in the subsequent proceeding were or should
have been brought in the instant case; provided, however, that nothing in this Paragraph affects the
enforceability of the Covenant Not to Sue by Plaintiff set forth in Section VIII. With the exception
of the foregoing, Settling Defendant shall retain defenses, if any, that may otherwise exist in such
administrative or judicial proceedings.

## XII. RETENTION OF RECORDS

29.    Until 10 years after the entry of this Consent Decree, Settling Defendant shall

- 18 -

preserve and retain all records, reports, or information (hereinafter referred to as "records") now in its possession or control, or which come into its possession or control, that relate in any manner to response actions taken at the Site or the liability of any person under CERCLA with respect to the Site, regardless of any corporate retention policy to the contrary.

30.    After the conclusion of the 10-year document retention period in the preceding paragraph, Settling Defendant shall notify EPA and DOJ at least 90 days prior to the destruction of any such records, and, upon request by EPA or DOJ, Settling Defendant shall deliver any such records to EPA. Settling Defendant may assert that certain records are privileged under the attorney-client privilege or any other privilege recognized by federal law. If Settling Defendant asserts such a privilege, it shall provide Plaintiff with the following: 1) the title of the record; 2) the date of the record; 3) the name, title, affiliation (*e.g.*, company or firm), and address of the author of the record; 4) the name and title of each addressee and recipient; 5) a description of the subject of the record; and 6) the privilege asserted. If a claim of privilege applies only to a portion of a record, the record shall be provided to Plaintiff in redacted form to mask the privileged information only. Settling Defendant shall retain all records that it claims to be privileged until the United States has had a reasonable opportunity to dispute the privilege claim and any such dispute has been resolved in the Settling Defendant's favor. However, no records created or generated pursuant to the requirements of this or any other settlement with the EPA pertaining to the Site shall be withheld on the grounds that they are privileged.

31.    Settling Defendant hereby certifies that, to the best of its knowledge and belief, after thorough inquiry, it has not altered, mutilated, discarded, destroyed or otherwise disposed of any records, reports, or information relating to its potential liability regarding the Site since notification

- 19 -

of potential liability by the United States or the State or the filing of suit against it regarding the

Site and that it has fully complied with any and all EPA requests for information pursuant to

Sections 104(e) and 122(e) of CERCLA, 42 U.S.C. §§ 9604(e) and 9622(e), and Section 3007 of

RCRA, 42 U.S.C. § 6972.

## XIII. <u>NOTICES AND SUBMISSIONS</u>

32.    Whenever, under the terms of this Consent Decree, notice is required to be given or

a document is required to be sent by one party to another, it shall be directed to the individuals at

the addresses specified below, unless those individuals or their successors give notice of a change

to the other Party in writing.  Written notice as specified herein shall constitute complete

satisfaction of any written notice requirement of the Consent Decree with respect to the United

States, EPA, DOJ, and Settling Defendant, respectively.

<u>As to the United States</u>:                       Chief, Environmental Enforcement Section
                                                   Environment and Natural Resources Division
                                                   U.S. Department of Justice
                                                   P.O. Box 7611
                                                   Washington, D.C.  20044-7611
                                                   Re: DJ # 90-11-3-07946

<u>As to EPA:</u>                                    Thomas Williams
                                                   EPA Project Coordinator
                                                   United States Environmental Protection Agency
                                                   Region 5, Mailcode SR-6J
                                                   77 West Jackson Boulevard
                                                   Chicago, Illinois 60604

<u>As to Settling Defendant</u>:                     Mrs. Margaret Steward
                                                   Multifastener Corporation
                                                   C/O Dean Yost
                                                   Ciulla, Smith & Dale, LLP
                                                   17177 N. Laurel Park Drive
                                                   Suite 405
                                                   Livonia, Michigan  48152

- 20 -

Pepper Hamilton LLP
ATTN: David L. Maurer
100 Renaisance Center
Detroit, Michigan 48243-1157

## XIV. RETENTION OF JURISDICTION

33.     This Court shall retain jurisdiction over this matter for the purpose of interpreting

and enforcing the terms of this Consent Decree.

## XV. INTEGRATION

34.     This Consent Decree constitutes the final, complete and exclusive agreement and

understanding among the Parties with respect to the settlement embodied in this Consent Decree.

The Parties acknowledge that there are no representations, agreements or understandings relating to

the settlement other than those expressly contained in this Consent Decree.

## XVI. LODGING AND OPPORTUNITY FOR PUBLIC COMMENT

35.     This Consent Decree shall be lodged with the Court for a period of not less than 30

days for public notice and comment. The United States reserves the right to withdraw or withhold

its consent if the comments regarding the Consent Decree disclose facts or considerations which

indicate that this Consent Decree is inappropriate, improper, or inadequate. Settling Defendant

consents to the entry of this Consent Decree without further notice.

36.     If for any reason this Court should decline to approve this Consent Decree in the

form presented, this agreement is voidable at the sole discretion of any party and the terms of the

agreement may not be used as evidence in any litigation between the Parties.

## XVII. SIGNATORIES/SERVICE

- 21 -

37.     The undersigned representative of the Settling Defendant to this Consent Decree and the Assistant Attorney General for the Environment and Natural Resources Division of the United States Department of Justice certifies that he or she is authorized to enter into the terms and conditions of this Consent Decree and to execute and bind legally such Party to this document.

38.     Settling Defendant hereby agrees not to oppose entry of this Consent Decree by this Court or to challenge any provision of this Consent Decree, unless the United States has notified Settling Defendant in writing that it no longer supports entry of the Consent Decree.

39.     Settling Defendant shall identify, on the attached signature page, the name and address of an agent who is authorized to accept service of process by mail on behalf of that Party with respect to all matters arising under or relating to this Consent Decree. Settling Defendant hereby agrees to accept service in that manner and to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court, including but not limited to, service of a summons. The Parties agree that Settling Defendant need not file an answer to the complaint in this action unless or until the Court expressly declines to enter this Consent Decree.

## XVIII.  FINAL JUDGMENT

40.     Upon approval and entry of this Consent Decree by the Court, this Consent Decree shall constitute the final judgment between and among the United States and the Settling Defendant. The Court finds that there is no just reason for delay and therefore enters this judgment as a final judgment under Fed. R. Civ. P. 54 and 58.

SO ORDERED THIS 7th DAY OF March, 2005

United States District Judge

PURSUANT TO RULE 77 (d), FED. R. CIV. P.
COPIES MAILED TO ATTORNEYS FOR ALL
PARTIES ON _____, 20 ___
DEPUTY COURT CLERK

- 23 -

THE UNDERSIGNED PARTIES enter into this Consent Decree in the matter of <u>United States v.</u>
<u>Johnson Controls, Inc., Hoover Universal, Inc. and Multifastener Corporation</u>, relating to the
Shiawassee River Superfund Site.

FOR THE UNITED STATES OF AMERICA

Date: _____ 12.14.04

THOMAS L. SANSONETTI
Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice
Washington, D.C. 20530

November 29, 2004
Date

PAMELA R. LEE
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611

12.22.04
Date

KAREN R. HIYAMA (P47461)
Assistant United States Attorney
Eastern District of Michigan
U.S. Department of Justice
211 W. Fort Street, Suite 2001
Detroit, Michigan 48226
(313) 226-9734

THE UNDERSIGNED PARTIES enter into this Consent Decree in the matter of <u>United States v. Johnson Controls, Inc., Hoover Universal, Inc. and Multifastener Corporation</u>, relating to the Shiawassee River Superfund Site.

FOR THE UNITED STATES OF AMERICA

11-19-04
_____
Date

~~Reckord C Karl~~

RICHARD C. KARL
~~Acting~~ Director
Superfund Division
U.S. Environmental Protection Agency
Region 5
77 West Jackson Boulevard
Chicago, Illinois 60604

- 25 -

THE UNDERSIGNED PARTIES enter into this Consent Decree in the matter of <u>United States v.</u>
<u>Johnson Controls, Inc., Hoover Universal, Inc. and Multifastener Corporation,</u> relating to the
Shiawassee River Superfund Site.

FOR DEFENDANT MULTIFASTENER CORPORATION

Date: *11-12-04*

*Margaret H. Steward*

Margaret H. Steward
Vice President
Multifastener Corporation

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name: *DEAN B. YOST*

Title: *ACCOUNTANT*

Address: *17177 N. LAUREL PARK DRIVE SUITE 405*

*LIVONIA MI 48152-2693*

-26-